FRANK EPPLE v. THE STATE.

No. 12016.  Delivered December 19, 1928.
Rehearing denied June 12, 1929.

The opinion states the case.

*L. C. Counts* of Olney, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; punishment, three years in the penitentiary.

An officer searched appellant's car without a search warrant. In it he found inside of the upholstering of the seat eight pints of corn whiskey.  The claim is made that both a search warrant and prob-

able cause being absent, the officer's testimony was inadmissible, and the conviction without warrant of law. These various contentions are sufficiently answered by the following quotation from the searching officer's testimony:

"I said, 'I want to look through it,' and he said, 'Help yourself, if you find anything, you are welcome to it.' He also said, 'Go ahead, help yourself, if you find anything, you are welcome to it.'"

The appellant having consented to the search, he is in no position to complain. Cornelius on Search and Seizure, Paragraph 170; Hall v. State, 105 Tex. Crim. Rep. 365.

The contention is made that the Court erred in overruling appellant's second application for a continuance. Appellant's bill presenting this matter is qualified to show that this case had been continued at the preceding December term of court on account of the absence of the same witness, which is made the basis of appellant's second application presented on March 12, 1928. It appears that an application was made for a subpoena for this witness after its continuance in December, to wit, on February 25, 1928, and that in response to a telegram sent on the day the case was called for trial appellant was informed that no subpoena had reached Ft. Worth, where the witness was alleged to reside. No excuse is shown either for the long lapse of time in applying for subpoena, or appellant's lack of diligence in failing to ascertain prior to the time of trial that witness had not been served. It is further averred that the witness then resided in Ft. Worth, not a great distance from Young County where the case was tried, yet no affidavit from this witness was attached to appellant's motion for new trial, but instead the affidavit of the son of the witness shows to be attached, which contradicts that which appellant was proposing to prove by the absent witness. There being no diligence shown, the Court's action was correct. Owen v. State, 93 Tex. Crim. Rep. 145. Under another well known rule the Court was justified in overruling appellant's motion for new trial presenting this matter. When the facts stated in the application are considered in connection with the evidence adduced on the trial, and do not appear probably true, there is no error in overruling the motion for new trial. For full collation of authorities, see Vernon's C. C. P. (1925), Art. 543, Note 35. The main fact which appellant proposed to prove by this absent witness was that there was no whiskey in the car in question when appellant and witness left it to go in a restaurant and that on coming out of the restaurant a short while thereafter and just before the search, witness saw an

unknown stranger in the car, who suddenly left; that he didn't know where he went and had never seen him before. The appellant's theory seems to have been that this stranger had in some way found a mysteriously hidden receptacle in the upholstering of his car and played him the mean trick of filling it with whiskey. Like a cuckoo bird, this unfeathered follower of Bacchus surreptitiously slipped a whole settin' of eggs into appellant's nest, after which he was apparently swallowed up by space, leaving his troublesome brood to be hatched by another. We believe in Santa Claus all right, but we confess the increasingly frequent appearance of this same stranger in whiskey cases inclines us to relegate him to the mythical realm of Dido and Aeneas. This ubiquitous disciple of John Barleycorn seems to have a peculiar habit of hovering around places just prior to their raid and search by officers, and then as mysteriously evaporating as the mists of an April morning. Unlike the roaring lion seeking whom he may devour, this omnipresent individual moves with the silent tread of a fairy and the swiftness of the lightning stroke, and over practically the entire state there have come complaints from his victims.

In the light of the entire record and under the above authorities we do not feel authorized to say the trial court abused his discretion in refusing to continue that appellant might make proof of the presence of this evaporative personage, whoever he may be.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

In the light of the oral and written arguments on motion for rehearing, the record and the precedents have been re-examined. We are confirmed in the conclusion expressed in the original opinion that the discretion vested in the trial judge was not abused in refusing to grant the second motion for a continuance nor in overruling the motion for new trial.

The motion for rehearing is overruled.

*Overruled.*