## DAMACIO GONZALES v. THE STATE.

No. 12566.   Delivered May 15, 1929.
Rehearing denied June 27, 1929.

The opinion states the case.

*W. T. Scarborough* of Kennedy for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purposes of sale; the punishment, confinement in the penitentiary for one year.

Officers searched appellant's residence and found therein a large quantity of intoxicating liquor.   On the trial of the case the court determined that the search warrant was void, but reached the conclusion that appellant consented to the search.   Timely objection was interposed to the testimony of the officers touching the result of the

search on the ground that the search warrant was void. In the absence of the jury one of the officers testified that when they went to the door of appellant's dwelling he invited them in; that they saw a bottle of whiskey and beer bottles on a table in the room they entered and stacks of beer cases along the wall; that he, the officer, picked up the bottle of whiskey and said to appellant: "I am an officer and want to search your place;" that appellant replied, "All right;" that he did not tell appellant at the time he told him he wanted to search his place that he was armed with a search warrant; that he delivered a copy of the search warrant to appellant after appellant had stated that it was all right for him to search the place. We are of the opinion that the language used by appellant was sufficient to show a waiver and sustain the action of the trial court in admitting the testimony of the officers. One may consent to the search of his premises and thereby waive irregularities in the search warrant or dispense with the search warrant altogether. Hall v. State, 288 S. W. 202; Williams v. State, Opinion Number 11,976, delivered November 4th, 1928, and not yet reported.

In his argument to the jury the district attorney used language as follows:

"The law steps in and says: 'Damacio Gonzales, I hold that your possession of this liquor is for the purpose of sale, but you can dispute that and show that your possession was a lawful one—do it by witnesses; yes, sir.' The record is as silent as the tomb as to any rebutting evidence, but on the contrary, gentlemen, when you study the situation as it existed there, the presence of so much beer and whiskey, the little table and the guest there, the empty glasses on the table, empty beer bottle, the whiskey showing use from the bottles, why, you are led, gentlemen of the jury, as reasonable men, to the irrefutable conclusion, irrespective of the presumption of the law, that this man had that liquor there unlawfully and that he was engaged in the sale of it."

Appellant objected to the foregoing remarks as being a comment on his failure to testify. While the bill shows affirmatively that appellant did not testify on his trial, it is not shown that there were no witnesses other than appellant who could have testified that appellant's purpose in possessing the whiskey was lawful. Such being the case, the bill of exception is insufficient, and therefore not subject to review. Mitchell v. State, 6 S. W. (2d) 753.

Finding no error, the judgment is affirmed.

*Affirmed.*

124

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant seems to take the position that we should go to the statement of facts for the purpose of determining whether the officers delivered a search warrant to him before he consented to the search. The voir dire examination of the officer referred to in the original opinion is found in the qualification appended to appellant's bills of exception. No exception was taken to the action of the court in qualifying the bills, and we are therefore bound to consider the bills in the light of the qualification. The fact that statements apparently contradictory of the testimony given by the officer on his voir dire examination might appear in the statement of facts would not authorize this court to conclude that the bill of exception as qualified does not correctly state the disputed matter. It is the rule that "when a bill of exception contradicts the statement of facts in any specified particular, the bill will be held to control and to correctly state the disputed matter." Branch's Ann. Tex. P. C., Sec. 217; Pitts v. State, 60 Tex. Cr. R. 528, 132 S. W. 803.

We are of the opinion that the trial court was warranted in drawing the conclusion from the testimony given by the officer on his voir dire examination that the appellant consented to the search.

The motion for rehearing is overruled.

*Overruled.*