W. M. (BILL) HOGLAND v. THE STATE.

No. 15490. Delivered January 4, 1933.
Rehearing Granted June 23, 1933.
Reported in 62 S. W. (2d) 137.

The opinion states the case.

*Williams & Bell,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for possessing equipment, etc. for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

Two officers testified for the state and fully made out the case. Appellant introduced no testimony. The record exhibits four bills of exception. The first complains of the reception of the officers' testimony as to what was found on appellant's premises upon a search,—the ground of objection being that the affidavit for search warrant was made on information and belief. We further observe that the officers testified when they met appellant, before they got to his place, they told him they had a search warrant to search said place, and he said to them, "Go ahead and search, you don't need a warrant." This would be sufficient authority to search without warrant, or at least to waive irregularities, if any, in the papers and to justify the subsequent search. McPhail v. State, 114 Texas Crim. Rep., 635; Gonzales v. State, 113 Texas Crim. Rep., 122; Hall v. State, 105 Texas Crim. Rep., 365; Grimm v. State, 116 Texas Crim. Rep., 332; Ferguson v. State, 116 Texas Crim. Rep., 308; Williams v. State, 42 S. W. (2d) 1017.

Bill of exception No. 2 was to the refusal of a new trial sought because the jury discussed the failure of appellant to testify, and also that they discussed testimony not offered upon the trial. The testimony of the three jurors heard when the motion was presented, is made part of this bill and seems to negative the idea that other testimony was discussed beside that properly before the jury. Only one of the jurors testified to a reference by any juryman to the failure of the accused to testify, and that, as we take it, was a casual reference, and the matter was not discussed. He said in reference thereto that something was said about their not having put appellant on the stand to testify to his reputation. The juror testifying said he

himself spoke up at this juncture and said to the jury, "We were instructed not to pay any attention to that." Further he said,—nothing was said about appellant taking the stand. We see no reversible error in this regard.

Bill of exception No. 3 sets out objections to several different parts of the state's testimony. We think the witness was qualified to testify that the equipment, mash and other material found by him in the building referred to could be used for the purpose of making whisky. Also that the mash found could be used for making beer or liquor.

Bill of exception No. 4 complains that the officer was allowed to answer that the equipment, mash, and material were for the manufacture of intoxicating liquor.

Several exceptions were taken to the court's charge, one of them being to the charge on suspended sentence, the ground of objection being that it was a limitation on the right of the defendant in submitting to the jury the issue as to the suspended sentence, and further erroneous in assuming that the jury would convict defendant, and also that it submitted to the jury the general reputation of the defendant when there was no evidence in regard to such reputation. This court has held in many cases that the filing of an application for suspended sentence puts in issue the general reputation of the accused. The paragraph of the court's charge to which the above exception was addressed told the jury that if they found the appellant guilty, and that he had never before been convicted of a felony in this or any other state, they might in their discretion recommend a suspension of sentence, and that in passing upon his plea for such suspended sentence they might take into consideration the general reputation of appellant. While no one had testified specifically to the reputation of appellant, one of the state witnesses had been asked and affirmed that he had known appellant for about twelve years, and as far as he knew he had never been convicted of a felony in this or any other state. We do not see how the complaint of the charge of the court could be held reversible error.

Believing the accused to have had a fair trial, and finding nothing calling for a reversal, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing, appellant renews his complaint of the instruction to the jury on the issue of the suspended sentence, in which the court used

the following language: "In passing upon the defendant's plea for a suspended sentence the law authorizes you to take into consideration the general reputation of the defendant, but you will bear in mind that it is wholly discretional with the jury as to whether you do or do not recommend a suspension of sentence. And when you recommend a suspension of sentence the law provides that it is obligatory upon the court to suspend sentence during good behavior of the defendant, but sentence can only be suspended when recommended by the jury."

Exception to the quoted part of the charge is made in the fourth paragraph of the appellant's objection to the charge.

There was uncontroverted evidence that the appellant had not previously been convicted of a felony. The plea for a suspended sentence authorizes the introduction of evidence by the state bearing upon the reputation of the accused. See article 778, C. C. P., 1925. No evidence upon that subject was introduced by either the state or the appellant.

In the present instance, the plea for a suspended sentence authorized the state to prove that the general reputation of accused was bad, but in the absence of evidence on the subject, the issue was not properly before the jury, and in referring to it, the charge was without evidence to authorize it. That the instruction to the jury should be confined to the evidence and applicable to the facts before the jury is statutory. See article 658, C. C. P., 1925.

It appears from the record in the instant case that in debating the matter of the suspended sentence among the jurors there was reference to the fact that the appellant had offered no proof of his good reputation. The character of the discussion suggests that the jurors were impressed with the view that the burden of proof was upon the accused to show that his reputation was good. We are therefore constrained to conclude that in embracing the question of the reputation of the accused in the charge of the court and in refusing the appellant's request to eliminate it, and in overruling the motion for new trial, prejudicial error was committed. The conclusion stated is deemed supported by the opinion of this court in the case of Martin v. State, 54 S. W. (2d) 812, and also the case of Kirk v. State, 39 S. W. (2d) 61.

In the Martin case, supra, but one witness was introduced who testified that he had known the appellant, Martin, all his life and that he had never been convicted or prosecuted for any violation of the law in this or any other state. The state introduced no evidence to combat the testimony mentioned. The

prosecuting attorney, in his closing argument to the jury, used the following language: "Gentlemen, the defendant is not entitled to a suspended sentence; if he has a good reputation, why did he not bring some good men down here * * * and prove it."

Objection to the argument was made. The court declined to exclude it, or to instruct the jury to disregard it. The comment of this court in reversing the case was in part as follows:

"The jury unquestionable had the power and right to recommend the suspension of sentence in the absence of proof of good reputation. * * * However, the county attorney told them that appellant was not entitled to a suspended sentence unless he had proved a good reputation. * * * It was incorrect and not in accord with the court's instruction on the subject. The court declined to tell the jury that the statement objected to was not the law. * * * This action may have been regarded by the jury as an indorsement by the court of what the county attorney had stated the law to be."

In the present instance, it is the language of the court itself that was calculated to lead the jury to believe that the accused was in default in failing to introduce proof of his good reputation.

Because of the error pointed out, we are constrained to conclude that the motion for rehearing should be granted, the order of affirmance set aside and the cause reversed and remanded for another trial. It is so ordered.

*Reversed and remanded.*