BILL ELLIS v. THE STATE.

No. 18156. Delivered April 15, 1936.

The opinion states the case.

*R. M. Gardner,* of Amarillo, and *R. H. Templeton,* of Wellington, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The record shows that Mrs. Lucille Hill, the surviving wife of F. H. Hill, deceased, owned a two-story residence located in the town of Panhandle in Carson County which she had not occupied for five years preceding the time of the alleged burglary. However, all of her household goods and kitchen utensils were left in it. On or about the 12th day of July, 1935, some parties by breaking a window, entered the house and took therefrom some of her personal property. Since it had not been occupied for a number of years considerable dust had accumulated on the floor. An examination of the burglarized house revealed some tracks made by men's shoes, the imprints of which were plainly visible in the dust, with the heels showing some peculiar marks. A few days later the officers obtained a search warrant to search the home of the appellant and also obtained a warrant for the arrest of the appellant and Tex Welch, who was making his home with appellant. When the officers arrived at the appellant's home armed with a warrant, the appellant and Welch were absent. They told the appellant's wife they had come to look the place over. She told them to go ahead and do so. Thereafter they told her they had a search warrant to search the premises, whereupon she said to the officers that they were welcome to search her place at any time they wanted to. Mr. Murray testified that he accompanied the sheriff when he went to the home of the appellant armed with a search warrant to search the premises; that upon arrival at the appellant's home they found him absent, but his wife there; that he and Harris went to the front door while Carhart and Bickle went to the back door; that Mr. Harris informed her they had come to look the place over and she made the following replies: "She said to go ahead, it would be all right to look over her place at any time, then I told her after she had made that statement, that we had a search warrant. She said that we did not have to have a search warrant." They searched the premises and as a result found some plated silverware in a drawer of a buffet, some blankets in a trunk, a hammer, etc. This property was identified by

Mrs. Hill as her property which had been taken out of her two-story home. The appellant and Tex Welch were later arrested and charged with having committed said burglary. The shoes of Ellis and Welch were taken to the burglarized house and fitted into the imprints of shoes found in the dust on the floor and they fitted said tracks perfectly. Appellant did not testify or offer any affirmative defense.

Appellant's main contention is that the search warrant which the officers had was an illegal warrant, and was admitted by the State to be illegal, and, therefore, the property found as a result of the search of appellant's home should not have been admitted in evidence over his objection. If the property was found by reason of the search having been made under an illegal search warrant, the same was not admissible in evidence; but if the appellant's wife, who was then in possession and exclusive control of the premises, authorized a search of her home before she was advised by the officers that they had a search warrant, or if she told them after they advised her that they had a search warrant that they did not need a warrant in order to search her home, then the property found on the premises as a result of the search by the officers would be admissible in evidence under the authority of Cass v. State, 124 Texas Crim. Rep., 208, 61 S. W. (2d) 500, where a similar question as the one presented here was decided adversely to the appellant's contention. See Commonwealth v. Tucker, 189 Mass., 457, 76 N. E., 127; Gonzales v. State, 18 S. W. (2d) 618. This case is distinguishable from the case of Brown v. State, 68 S. W. (2d) 199, in this, that in this case the officers informed appellant's wife that they desired to look over the premises and she told them to go ahead before they ever advised her they had a search warrant; while in the case of Brown v. State, supra, the officers informed appellant that they had a search warrant and were looking for a still, to which he replied, "You are at the right place. Go ahead."

The second contention made by the appellant is that his wife could not without his consent waive the search warrant or authorize a search of his premises because the right of waiver was personal and his wife could not do that for him without being theretofore duly authorized so to do. In the case of Gray v. Commonwealth, 249 S. W., 769, the court held that the consent of a householder to a search of the house dispenses with the necessity for a search warrant, so that defendant could not attack the sufficiency of the warrant nor of the affidavit upon which is was issued, where his mother with whom

he was living consented to the search though the defendant objected to the search of his room. It appears from this record that the search was made not by virtue of the search warrant, but with the consent of appellant's wife.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.