**NIXON v. STATE.**

No. 18245.

Court of Criminal Appeals of Texas.

May 13, 1936.

Rehearing Denied June 17, 1936.

J. O. Duncan, of Sulphur Springs, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, two years in the penitentiary.

Appellant was charged with burglary. He pleaded guilty, and was given the lowest penalty. He asserted in his motion for new trial, and sets up in his brief on appeal that the charge of the court was not submitted to him or his counsel for examination and exception before it was read to the jury, and, therefore, this cause should be reversed.

Article 658, C.C.P., as amended by Acts 1931, c. 43, § 5 (Vernon's Ann.C.C.P. art. 658), provides that before the charge of the court is read to the jury, the defendant or his counsel shall have a reasonable time to examine same, and to present objections thereto in writing, distinctly specifying each ground of objection. However, article 666, C.C.P., provides that when it appears that any requirement of the eight preceding articles (which includes article 658, supra) has been disregarded, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears the defendant has not had a fair and impartial trial.

Appellant raised the above complaint in his motion for new trial, in which he set out that if the charge had been presented to him before read, he would have objected to same because it failed to instruct the jury in regard to evidence offered by the state affecting appellant's character, and tending to show his bad reputation, and that he had been arrested for violation of various laws.

It becomes our duty to analyze each of these complaints in order to determine whether the said failure of the court to submit the charge to appellant or his counsel could be calculated to injure appellant. In other words, we do not feel at liberty to

hold the court's failure to submit the charge, to be a violation of a mandatory statute such as ipso facto would call for a reversal, but under the facts we are impelled to give to appellant the benefit of each objection made to the charge in his motion for new trial, as fully as if presented as an exception to the charge before it was read to the jury.

Appellant had filed an application for a suspended sentence, which put into the case the issue of his reputation. In the absence of a bill of exceptions bringing forward complaint of the admission of testimony bearing on this issue, we have before us nothing combating the correctness of the court's action in its admission. We conclude, therefore, that all testimony was properly before the jury. True, testimony of bad reputation was admissible before the jury in order to enable them to decide whether they should grant or deny a suspended sentence. Had the court given direction to the jury's consideration of this testimony, or laid down limitations thereof, he would have told the jury that they could only consider such testimony in passing upon the question of suspended sentence. Appellant could not have suffered from the failure of the court to so limit the testimony, upon the theory that the jury may have appropriated such testimony to his hurt. Had the court limited the testimony in his charge to the purpose for which admitted, viz., the refusal of a suspended sentence, they could have arrived at no other conclusion than they did without such limitation. That they did not appropriate it to any other purpose is evidenced by the fact that they gave appellant the lowest penalty for the offense charged, to which he had entered his plea of guilty, thus removing any possibility of injury to appellant because of the failure to have been accorded an opportunity to make exceptions to the charge. The case of Jimenez v. State, 100 Texas Cr.R. 563, 272 S.W. 153, is observed and considered in this connection, and if there be any failure in that opinion to incorporate what we have here said, said opinion will be modified to that extent.

Not being able to agree with appellant that he was harmed by the failure of the court to submit his charge to appellant or his counsel, and finding no other error in the record, the judgment will be affirmed.

On Appellant's Motion for Rehearing.

CHRISTIAN, Judge.

In his motion for rehearing appellant calls attention to the fact that we overlooked his bills of exception relating to objections to testimony tending to show that he had a bad reputation. It is observed that the index to the transcript sets forth no numbered bills of exception. However, an examination of the transcript discloses that appellant prepared and filed several bills of exception.

Appellant contends that his bill of exception relating to the testimony of W. E. Melton reflects reversible error. It is recited in said bill that the witness testified, over appellant's objection, that he had arrested appellant four times for different offenses; and that in several of said cases appellant had appealed from the city court to the county court. The court qualified the bill of exception as follows:

"In this case the defendant pleaded guilty to an indictment charging him with the offense of burglary and filed an application for a suspended sentence.

"At the close of the testimony in chief offered by the state, the defendant placed on the witness stand five witnesses who testified on direct examination by the defendant that the general reputation of the defendant in the community in which he resided for being a peaceable and law abiding citizen was good. On cross-examination these character witnesses were asked by the district attorney whether or not they had heard or knew that the defendant had been arrested or paid fines for various misdemeanor offenses.

"The defendant objected to said questions set out in this bill. The court overruled the objections and admitted said evidence as tending to test the knowledge of the character witnesses as to the defendant's general reputation. At the conclusion of the testimony of the character witnesses the defendant himself took the witness stand in his own behalf and on direct examination told the jury that he had been arrested and fined for various misdemeanor offenses, and made a detailed explanation of the character of each offense for which he had been arrested and fined. The defendant also explained in detail on this examination the cause of a scar which appeared on his neck. The district attorney was permitted by the Court to cross examine the defendant on these matters, over Defendant's objection."

Appellant accepted said qualification; and, under the circumstances, is bound thereby. We quote from 4 Tex.Jur. p. 279, as follows:

"Moreover, the appellate court will presume that qualifications in a duly certified bill were made with the consent of the accused or his counsel unless the contrary appears over the certificate of the trial judge, and it will accept as correct qualifications to which no objections are filed or no exception taken, in the court below, or to which objection or exception is not verified by the trial court, and will not consult the statement of facts or other parts of the record to verify the statements therein."

In support of the text many authorities are cited, among them being Gonzales v. State, 113 Tex.Cr.R. 122, 18 S.W.(2d) 618. As qualified, the bill fails to reflect reversible error.

Appellant says that we should have passed on the question raised by the averment in his motion for new trial to the effect that he had a valid defense to the charge of burglary. The order of the court overruling the motion recites that evidence was heard. The evidence heard by the trial judge is not brought forward. Under the circumstances, this court must presume that the trial court acted upon evidence that was sufficient to justify his action in overruling the motion. Garza v. State (Tex.Cr.App.) 88 S.W.(2d) 113, and authorities cited.

We think the question discussed in the original opinion was correctly decided.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.