## JIM SELLMAN V. THE STATE.

No. 20270. Delivered March 22, 1939.

The opinion states the case.

*Adkins & Adkins,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of the unlawful possession of whisky for the purpose of sale in a dry area, and fined the sum of $300.00.

His sole complaint is relative to the sufficiency of the evidence. We find that a search warrant was obtained to search appellant's filling station on Highways Nos. 9 and 16 in McCulloch County, three miles northwest of the town of Brady, and upon a search of such station one pint bottle of whisky was found "back of a cushion used on a settee, and the other pint was back of some lube cans on the shelf." This witness, A. P. Mercer, testified that he had watched this station at various times immediately prior to this raid; that he had seen numerous people drive into the filling station, and then drive out without buying any gasoline or oil. He further testified that he had seen numerous people drive up in front of the station and stop, and that either Jim Sellman or one of the boys would come out to the car, and then go back into the filling station, and come back out in a few minutes and hand to the person in the car a small package about the size of two inches by four inches by eight inches. That such visits to the station were more frequent on the part of young people on occasions when they were having dances in Brady. This testimony was all the testimony introduced by the State.

·Appellant offered the testimony of two witnesses which, if believed, would have shown that such whisky was purchased by the witness Huskey for the private use of himself and Jim Sellman on a contemplated fishing trip the day same was found. That the whisky had been purchased from a negro whose name the witness did not know. Evidently the jury did not believe these witnesses of appellant, and took the State's theory of this case upon which to predicate its verdict. The whisky was found in appellant's business in places of concealment, and under circumstances that, it seems to us, the jury had the right to refuse to believe that time-worn story of a purchase from an unknown negro that seemed to be so popular a few years ago. ·See Blankenship v. State, 5 Texas Crim. App. 218; Agleton v. State, 111 Texas Crim. Rep. 567, 15 S. W. (2d) 21; Epple v. State, 18 S. W. (2d) 625.

We are of the opinion that the facts are sufficient, and the judgment is affirmed.