## WANDA ELLITHORPE V. STATE.

No. 30,366. January 28, 1959.

*D. D. Sullivan,* Andrews, for appellant.

*Russell D. Austin,* County Attorney, Andrews, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is transporting whiskey in a dry area; the punishment, a fine of $500.00.

By narrative statement of facts, the following is shown: Officer Cornelius, of the weights and license division of the Texas Department of Public Safety, testified that on the day in question he entered a liquor store in Ector County in order to use the telephone and there observed the appellant, that upon leaving he noticed appellant's automobile parked in front of the store and proceeded to a point some 200 yards away where he had other business. He stated that, while at this point, he saw someone drive appellant's automobile to the rear of the liquor store and saw someone place several boxes or cartons in the trunk of appellant's automobile, after which the appellant drove past him and on into Andrews County, a dry area; that he followed and brought the appellant to a halt. He testified further that he asked the appellant if he might look into the trunk of her automobile, that she agreed, and he accompanied her to the rear, opened the same, and found "several" cases of whiskey and "several" cases of "mixer;" and the appellant told him that she was carrying the same to the Moose Lodge in Andrews.

Appellant's husband testified that on the day before the appellant was arrested he had driven the family automobile to Odessa, where he purchased the whiskey in question and had not told the appellant about the same being in the trunk.

Appellant testified that she did not know the whiskey was in the trunk, had gone to the liquor store to buy the "mixer" and that the proprietor drove her automobile to the rear of the

store where he loaded the mixer in the trunk. She stated that after Cornelius halted her in Andrews County he asked her, "Do you want to open the turtle or shall I?" and that she gave him the key, and he found the whiskey in question.

The jury resolved the disputed issue of the appellant's knowledge of the presence of the whiskey against her, and we find the evidence sufficient to support the conviction.

Appellant questions the legality of the search. The appellant did not deny that she gave Cornelius permission to search but, even if she had, it would have presented a fact question for the jury's determination under an appropriate charge. Recently, in Shawhart v. State, 163 Texas Crim. Rep. 199, 289 S.W. 2d 601, we said:

"Since the evidence is uncontradicted that the appellant consented to the search of his automobile, no question as to the legality of the search is raised."

See, also, Apple v. State, 112 Texas Cr. Rep. 612, 18 S.W. 2d 625, 20 S.W. 2d 196; and Williams v. State, 122 Texas Cr. Rep. 267, 54 S.W. 2d 117.

Appellant next complains of the failure of the trial court to grant her motion for new trial based upon jury misconduct. The motion for new trial was not sworn to, and hence was insufficient as a pleading. Brown v. State, 160 Texas Cr. Rep. 150, 267 S.W. 2d 819, and cases there cited.

The stipulation as to what was discussed by the jury is set forth in the statement of facts on the main case. Section 6 of Article 759a, V.A.C.C.P., requires that the statement of facts adduced in connection with any motion shall be filed by the clerk separately from the facts adduced upon the guilt or innocence of the accused. See Hampton v. State, 157 Texas Cr. Rep. 244, 248 S.W. 2d 488.

The formal bill which appears in the record states nothing further than that an amended motion for new trial was filed and overruled. Such a bill presents nothing for review. Texas Juris., Vol. 4, sec. 206, p. 294.

Finding no reversible error, the judgment of the trial court is affirmed.