L. A. SHARP v. STATE

No. 31,822. June 8, 1960

Second Motion for Rehearing Overruled October 12, 1960

96

*Brown & Shuman,* by *Clifford W. Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

Our prior opinion is withdrawn and the following substituted therefor.

The conviction is for the unlawful possession of beer for the purpose of sale in a dry area with a prior conviction alleged for the purpose of enhancement; the punishment, 6 months in jail and a fine of $500.

The state's testimony shows that on the night in question certain officers, after having secured a search warrant, went to appellant's farm located approximately five miles northwest of the town of Dickens, in Dickens County, to search for intoxicating liquors. When they arrived no one was at the house and the officers proceeded to "look around" the premises. The officers went to a garage where an automobile was parked. After going inside the garage, which had no door, the officers observed by looking through the window some beer in the automobile. Two of the officers then drove into the pasture where they found appellant who returned to the house with them. Upon their return, Sheriff Rogers asked appellant if he had anything in the back of the automobile to which appellant replied that he did. The sheriff, before mentioning the fact that he was armed with a search warrant, said, "Well, how about looking in it?" and the appellant said "Okay, I guess you got a search warrant anyway." Appellant then produced a key, unlocked the trunk and the officers proceeded to search the automobile. In the search the officers found 30 cases of beer in the trunk and two cases and some bottles in a sack between the front and back seat. The beer found inside the automobile and in the trunk was introduced in evidence by the state.

In proving the prior alleged conviction, the state introduced in evidence the information and judgment in cause No. 3259, styled the State of Texas v. L. A. Sharp on the docket of the county court of Dickens County which showed that on August 28, 1958, the defendant named therein was convicted of unlawfully selling beer in a dry area. Appellant was identified at the trial by the county clerk of Dickens County as the person so convicted.

It was stipulated that Dickens County was a dry area.

Appellant did not testify or offer any evidence before the jury on the issue of his guilt.

Appellant predicates his appeal upon the contention that the court erred in admitting the evidence showing the search of the automobile and fruits thereof over appellant's objection that such evidence was obtained under an invalid search warrant.

We need not pass upon the validity of the search warrant as under the facts presented the search of the automobile was authorized without a warrant.

Appellant's statements to the officers before being informed that they had a search warrant constituted his consent to search the automobile and was a waiver of the necessity of a search warrant or any irregularities in the search warrant which the officers had in their possession. Hayes v. State, 115 Tex. Cr. R. 644, 28 S. W. 2d 556; Hogan v. State, 159 Tex. Cr. R. 343, 264 S. W. 2d 113 and Joslin v. State, 165 Tex. Cr. R. 161, 305 S. W. 2d 351.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.