SAMUEL E. MERWIN v. STATE

No. 34,096.   January 17, 1962
Motion for Rehearing Overruled March 14, 1962
Second Motion for Rehearing Overruled April 18, 1962

*Richard Bird*, Childress, and *McCarthy, Carnahan, Fields & Haynes, George S. McCarthy*, of counsel, Amarillo, for appellant.

*John T. Forbis*, District Attorney, Childress, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for burglary; the punishment, two years.

The State's witness, Ruth Ware, operated a beauty shop in the City of Turkey in Hall County which was located in a building adjacent to a building occupied by the West Texas Utilities Company. On the night of March 10, 1961, the witness who lived in the back of the building heard a noise, around 1 A.M., coming from the Utility Company building which sounded like a hammer hitting metal. She thereupon called Deputy Sheriff Clyde Rogers. In response to the call Deputy Rogers went to the Utility Company building, around 1:20 A.M., and discovered that it had been broken into and burglarized. A screen door in the back of the building was slit and the door jammed. The company's safe was lying on its back on the floor with the door beat off. The safe had been removed from the front to the back of the building and the sum of $52.15 in money was missing therefrom.

After discovering the burglary, Officer Rogers called the sheriffs of the surrounding counties, including Sheriff Johnny Lanham at Silverton in Briscoe County, and reported the burglary.

At 2:15 A.M., Sheriff Lanham stopped an Oldsmobile automobile 2½ miles east of Silverton in Briscoe County, at the intersection of Highways 86 and 256, as it was traveling in a direction away from Turkey. Appellant and three companions were occupants of the automobile and were placed under arrest by Sheriff Lanham. The automobile, which belonged to appellant, was then searched by Sheriff Lanham at the scene and later after it was driven to Silverton.

In the search Sheriff Lanham found a coat lying on the seat

with some money in a pocket, consisting of change and bills; a loaded gun in the glove compartment; two wrecking bars and a sledge hammer; two pairs of gloves; a white purse and a handbag containing several items, including some keys, a flash light and a pair of pliers.

A substance removed from the blade end of one of the wrecking bars which had been broken, upon being examined by Chemist and Toxicologist Leslie C. Smith of the Department of Public Safety, was found to be fire clay similar to a sample of fire clay taken from the door of the safe. A substance taken from the trouser cuff of one of appellant's companions was also examined by the Chemist and found to be fire clay similar to the fire clay removed from the safe door. Chemist Smith testified that a spectrograph examination of the three samples of fire clay disclosed that they were all made up of the same base elements and expressed the opinion that they came from the same batch of fire clay, each batch being almost as individual as a mixture of concrete, there being variations between the various batches.

Appellant did not testify or offer any evidence in his behalf.

The court submitted the issue of appellant's guilt to the jury upon a charge on circumstantial evidence and upon the law of principals and we find the evidence sufficient to sustain their verdict.

Appellant's sole contention on appeal is that the search of the automobile, without a search warrant, was illegal and that for such reason the court erred in admitting, over appellant's objection, the evidence showing the search of the vehicle and the results thereof.

While the record shows that the search was without a search warrant, Sheriff Lanham testified that before searching the automobile, "* * * I told them I wanted to search the car, and they said, 'Okay'."

From the Sheriff's testimony which was undisputed, it appears that consent was given by appellant to the search of the automobile.

Appellant, having consented to the search, waived the necessity of a search warrant and is in no position to complain of the search. Hernandez vs. State, 137 Texas Cr. Rep. 343, 129 S.W.

2d 301; Ellithorpe vs. State, 320 S.W. 2d 350 and Sharp vs. State, 338 S.W. 2d 461.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

Appellant reurges the contention that his arrest and the search of his automobile without a warrant was illegal and insists that we were in error in holding that consent was shown to have been given for the search.

Appellant also points out that the fire clay taken from the trouser cuff of his companion was not obtained in the search of the automobile but was obtained later after appellant and his companions had been taken to Silverton and were being detained under what appellant insists was an illegal arrest.

Under the holdings of this Court, appellant is in no position to complain of the search of his companion, as this is a right which is vested only in the companion. Hatfield v. State, 161 Texas Cr. Rep. 362, 276 S.W. 2d 829 and Tunnell v. State, 168 Texas Cr. Rep. 358, 327 S.W. 2d 590.

We have again reviewed the record and remain convinced that consent was shown to have been given to the search of the automobile and that the evidence is sufficient to sustain the conviction.

The motion for rehearing is overruled.