**Clarence GARRETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38911.**

Court of Criminal Appeals of Texas.

March 2, 1966.

Rehearing Denied April 20, 1966.

Tom Upchurch, Jr., Amarillo (on appeal only), for appellant.

Naomi Harney, County Atty., Charles W. Fairweather, Asst. County Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The conviction is for possession of a dangerous drug, barbiturates; the punishment, one year in jail and a fine of $350.00.

Deputy Sheriff DeBose testified that he and Deputy Sheriff Ball went to appellant's cafe, known as the Gay Paree, and the following excerpt from his testimony summarizes most of the facts relied upon by the state:

"Q: After you walked into the place, tell the Court what you observed there inside the Gay Paree.

A: We aalked (sic) into the Gay Paree. There was quite a few people inside. They was all standing up talking. After we was in there about 5 or 10 minutes, we noticed Garrett walk in the place.

So he had a talk with 2 or 3 people. So he nodded his head and walked out and stayed out about 3 minutes and came back. So Clarence (Ball) and I decided that we would ask him out and talk with him. So we had got a lot of reports that he was selling pills and we asked him about it. So he said he didn't have anything but we could look if we wanted to. So we taken him out because we didn't want to embarrass him and we looked. So in his left sock we found a bag—a white bag. We found a white bag and we asked him could we look in his car—and he said that we could but the car was locked, so he opened the door. Clarence (Ball) looked in the car and under the underside of the dashboard he pulled out a little white jar I guess about that tall and maybe about that wide.

Q: Was that jar almost full of pills?

A: Almost full."

Dr. Jack Wyatt was qualified as an expert with 32 years experience in chemical analysis. He testified that he had analyzed the chemical content of the pills in the white paper bag and the bottle, and that they were barbiturates—a dangerous drug that is habit-forming.

Deputy Sheriff Ball testified to substantially the same facts as had his fellow officer, DeBose.

■ Appellant did not take the witness stand, nor did he present affirmative evidence in his behalf. We find the state's evidence sufficient to support the jury's verdict of guilty.

■ Appellant contends that the conviction must be reversed because the evidence was obtained by unlawful search and seizure after an unlawful arrest. From the record, it appears that appellant consented to the search of his person and also to the search of his automobile, and is therefore in no position to complain of the search. Merwin v. State, 172 Tex.Cr.R. 244, 355 S.W.2d 721. Also, while there were objections to Deputy Ball's testimony concerning the search, Deputy DeBose's testimony set out above disclosed the same facts, without objection to their admissibility. Further, when the barbiturates were introduced into evidence, no objection was made on this ground. Under these circumstances, any possible error was waived. Garza v. State, 172 Tex.Cr.R. 468, 358 S.W.2d 622, 623.

The judgment is affirmed.