James Monroe **ELDER** (alias Baby Ray Elder), Appellant,

v.

**The STATE of Texas, Appellee.**

No. 39620.

Court of Criminal Appeals of Texas.

May 18, 1966.

Rehearing Denied June 22, 1966.

J. Kearney Brim, Sulphur Springs, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Commissioner.

The conviction is for the unlawful transportation of intoxicating liquor in a dry area, with two prior convictions for misdemeanor offenses of like character alleged for enhancement; the punishment, six months in jail and a fine of $600.

The state's testimony shows that on the day in question appellant was observed driving his automobile on state highway #66 through Concord in Hunt County. Constable Cecil Thomas pursued appellant and stopped him because it appeared that he was driving at an excessive rate of speed. Within a minute, Liquor Board inspector T. L. Baker and deputy sheriff Dewey Watson drove up to where the constable and appellant were standing. Both officers had received information that appellant would be traveling on the highway with some whisky.

Inspector Baker testified that when he arrived upon the scene he first asked ap-

pellant if he had any whisky in the car and appellant stated that he did not. The officer stated:

"Then he asked me if I wanted to look in the car, and I said I did, and he opened the trunk of the car and we proceeded to search the car."

It was shown by the officers' testimony that, in the search, eight one-half pints of Tom Moore whisky were found in the air breather on top of the carburetor of appellant's automobile and three half-pints of the same brand of whisky were found in the windshield washer container of the car.

The eleven half-pints of whisky were introduced in evidence as state's exhibits numbers one through eleven.

It was stipulated that Hunt County was a dry area and also stipulated that appellant had been twice before finally convicted of the misdemeanor offenses of unlawfully transporting liquor in a dry area alleged in the state's pleadings for enhancement of the penalty.

Appellant did not testify or offer any evidence in his behalf.

■ The evidence is sufficient to sustain the judgment of conviction.

Three points of error are urged by appellant on appeal, which present the contention that the court erred in admitting the whisky in evidence because it was obtained as the result of illegal search and seizure.

■ Appellant is in no position to complain of the search, as the state's testimony shows that he gave his consent thereto. Ellithorpe v. State, 167 Tex.Cr.R. 266, 320 S.W.2d 350; Merwin v. State, 172 Tex. Cr.R. 244, 355 S.W.2d 721. No error is presented.

■ The contention that the court erred in refusing to require the witness Baker to disclose the name of his informer is without merit. No objection was made by appellant to the court's ruling. Further, it is held by this court that an officer is not required to reveal the name of his informer. Sikes v. State, 169 Tex.Cr.R. 443, 334 S.W. 2d 440.

The judgment is affirmed.

Opinion approved by the court.