NO. 12-01-00293-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CHARLES WAYNE BATES,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS







 Charles Wayne Bates ("Appellant") appeals his conviction for possession of a controlled
substance with intent to deliver, for which he was sentenced to imprisonment for forty-five years. 
Appellant raises four issues on appeal. We affirm.


Background

 At approximately 4:00 AM on October 9, 1999, Investigator Bryan Nutt ("Nutt") and Deputy
Joseph Miller ("Miller"), acting on an anonymous tip that there was a drug lab on the premises,
arrived at the rural home of Brenda Green ("Green"). It is undisputed that the officers did not have
a warrant to search Green's property. Nutt identified himself, advised Green that he had received
information concerning a drug lab and asked Green's permission to search the premises. Green
orally consented to the search and proceeded with Nutt to her outbuilding. (1) Miller remained behind
and entered Green's house. Once inside, Miller encountered three individuals, Jimmy Crawford
("Crawford"), Tina King ("King") and Appellant. A search of Appellant revealed a substance later
identified as 2.35 grams of methamphetamine and Appellant was arrested.

 Appellant filed a motion to suppress the admission of the methamphetamine taken from him
by Miller at the time of his arrest. A hearing was conducted on Appellant's motion prior to trial. 
Both Nutt and Miller testified that they were given oral consent by Green to search her house. Miller
testified that upon entering the house, he identified himself to the three individuals, who appeared
to be nervous, wide awake and under the influence of drugs. Miller asked the three who they were
and if they had any weapons or narcotics in their possession. Miller testified that Crawford stood
and said that he did not have any such things in his possession and that Miller could search him. 
Miller searched Crawford and, finding nothing, next asked Appellant if he would turn his pockets
out. Miller testified that Appellant voluntarily complied and removed four red plastic bags from his
pockets, which appeared to contain methamphetamine or amphetamine. Miller further testified that
he did not threaten, coerce or otherwise force Appellant to empty his pockets. On the other hand,
both Green and King testified that Green did not give the officers consent to search her house. 
Appellant testified that he had not consented to a search by Miller. After admitting that she was
under the influence of methamphetamine at the time, King testified that she could not remember
whether Appellant emptied his own pockets or Miller had emptied Appellant's pockets for him. At
the conclusion of the hearing, the trial court overruled Appellant's motion and the cause proceeded
to trial. 

 After a trial on the merits, a jury found Appellant guilty as charged. Subsequently, the trial
judge, finding enhancement paragraphs in the indictment to be "true," sentenced Appellant to
imprisonment for forty-five years. Appellant filed a motion for new trial contending that the trial
court should have granted Appellant's motion to suppress and that Appellant had received ineffective
assistance of counsel. The trial court overruled Appellant's motion for new trial and this appeal
followed.


Legality of a Search and Seizure

 In his first three issues, Appellant argues that the trial court erred because it improperly
overruled his motion to suppress. 

Standard of Review

 We review a trial court's ruling on a motion to suppress for abuse of discretion. See
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Curry v. State, 965 S.W.2d 32,
33 (Tex. App.- Houston [1st Dist.] 1998, no pet.). In reviewing the trial court's ruling, we apply a
bifurcated standard of review. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Hernandez v. State, 957 S.W.2d 851, 852 (Tex. Crim. App. 1998). We give almost total
deference to the trial court's determination of historical facts, while conducting a de novo review of
the trial court's application of the law to those facts. See Carmouche, 10 S.W.3d at 327. The trial
court is the exclusive finder of fact in a motion to suppress hearing, and as such, it may choose to
believe or disbelieve any or all of any witness's testimony. Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). 

Consent

 At the hearing on his motion to suppress, Appellant argued that the State failed to meet its
burden of proof that Appellant had consented to the search by Miller. (2) It is an unbroken rule in
Texas that an accused may give his consent to a search and thereby waive irregularities in the search
warrant or dispense altogether with the necessity for one. See Joslin v. State, 305 S.W.2d 351, 352
(Tex. Crim. App. 1957) (citing Davidson v. State, 72 S.W.2d 591, 592 (Tex. Crim. App. 1934)). 
The State has the burden to demonstrate consent by clear and convincing evidence. See State v.
Ibarra, 953 S.W.2d 242, 243 (Tex. Crim. App. 1997). In the instant case, both Nutt and Miller
testified that Green consented to their search of her house. Green and King offered testimony that
Green gave no such consent. Moreover, Miller testified that Appellant consented to Miller's search
of his person, while Appellant testified that he gave no such consent, and King, who admitted that
she was under the influence of methamphetamine at the time, testified that she could not remember
whether Appellant emptied his own pockets or whether Miller emptied Appellant's pockets for him. 
Miller also testified that he did not threaten, coerce or otherwise force Appellant to empty his
pockets.

 As the trier of fact, the trial court was entitled to believe Miller and Nutt's version of events,
while disregarding the version as set forth by Green, King and Appellant. Therefore, based on the
record, we hold the trial court could have reasonably concluded that the State met its burden to show
consent. As such, the trial court did not abuse its discretion in denying Appellant's motion to
suppress. Furthermore, to the extent that the trial court's denial of Appellant's motion for new trial
was based on Appellant's allegations that his motion to suppress was improperly denied, we hold
that the trial court did not abuse its discretion in overruling Appellant's motion for new trial. 
Appellant's issues one, two and three are overruled.


 Motion For New Trial Related To Ineffective Assistance of Counsel

 Although Appellant does not frame it as such, his argument asserting ineffective assistance
of counsel is, in effect, a challenge to the denial of his motion for new trial. Such is the case because
the new trial proceeding is where the issue was first presented to and ruled upon by the trial court
and because Appellant otherwise lacked a sufficient record to present that challenge for the first time
on appeal. See Tex.R.App. P. 21.2 (a motion for new trial is a prerequisite to presenting a point of
error on appeal where it is necessary to adduce facts not in the record). A trial court's ruling denying
a defendant's motion for new trial is reviewed for abuse of discretion. See Salazar v. State, 38
S.W.3d 141, 148 (Tex. Crim. App. 2001). When the appellant has presented evidence on his
counsel's alleged ineffectiveness at a hearing on a motion for new trial, we review the application
of the Strickland (3) test through the prism of an abuse of discretion standard. See State v. Gill, 967
S.W.2d 540, 542 (Tex. App.- Austin 1998, pet. ref'd). In considering a motion for new trial, the trial
court possesses broad discretion in assessing credibility of witnesses and in weighing the evidence
to determine if a different result would occur upon retrial. See Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995). We must determine whether the trial court's application of Strickland and its
subsequent decision to deny the motion for new trial were so outside the zone of reasonable
disagreement that they are subject to reversal. See Kelly v. State, 20 S.W.3d 147, 151 (Tex. App.-
Texarkana 2000, no pet.).

 The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington. See also Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986). The test set forth in Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did
the defense attorney's representation fall below an objective standard of reasonableness
under prevailing professional norms? 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceedings could have been different?



See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. 

 A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to
undermine confidence in the outcome" of the case. Id. Counsel is strongly presumed to have
rendered adequate assistance and to have made all significant decisions in the exercise of reasonable
professional judgment. See Hernandez, 726 S.W.2d at 55. The burden is on the appellant to
overcome that presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.- Texarkana 2000,
pet. ref'd). The appellant must show specific acts or omissions that constitute ineffective assistance
and affirmatively prove that those acts fell below the professional norm for reasonableness. Id. 

 After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable
doubt about his guilt. Id.

 In the case at hand, Appellant argues that his trial counsel was ineffective in that (1) he failed
to call Crawford as a witness for the motion to suppress hearing and (2) he failed to conduct an
independent analysis of the substance recovered from Appellant to determine if it was
methamphetamine. However, trial counsel's failure to call witnesses is irrelevant absent a showing
that such witnesses were available and that the appellant would have benefitted from their testimony. 
See Butler v. State, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986); King v. State, 649 S.W.2d 42, 44
(Tex. Crim. App. 1983). Here, Appellant neither presented evidence nor argument in support of his
motion for new trial related to the substance of Crawford's testimony or that Crawford was available
to testify at the hearing on Appellant's motion to suppress.

 Moreover, even assuming arguendo that Appellant's trial counsel's failure to conduct an
independent analysis of the substance in question satisfied the first prong of the Strickland test,
Appellant must still affirmatively prove prejudice. See Burruss, 20 S.W.3d at 186. The last
sentence of Appellant's briefing of this issue reads, "If the substance in question was not a controlled
substance, particularly methamphetamine, Appellant [c]ould have been acquitted." Such a statement
amounts to little more than a hypothetical situation with no basis in the record. 

 We iterate that the burden of proof as to this issue rests squarely upon Appellant. See
Burruss, 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent
some cogent argument on Appellant's behalf that but for his counsel's alleged unprofessional errors,
there exists a reasonable probability that the result of the proceedings would have been different. 
We stress that a "reasonable probability" is "probability sufficient to undermine confidence in the
outcome" of the case. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Here, Appellant
presented no evidence in support of his motion for new trial to call into question the undisputed
testimony of the State's witness that the substance recovered from Appellant was a controlled
substance. Moreover, there is no record on appeal of the hearing on Appellant's motion for new
trial. As such, we conclude that Appellant's proposition that the substance might not have been
methamphetamine does not undermine our confidence in the outcome of Appellant's trial. 
Therefore, since Appellant has failed to satisfy his burden under Strickland, we hold that he was not
denied his right to effective assistance of counsel and the trial court did not abuse its discretion in
overruling Appellant's motion for new trial. Appellant's fourth issue is overruled.

 Accordingly, the trial court's order overruling Appellant's motion to suppress and subsequent
order overruling Appellant's motion for new trial are both affirmed.

 LOUIS B. GOHMERT, JR. 

 Chief Justice


Opinion delivered July 24, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.




(PUBLISH)
1. The extent of search consented to by Green was disputed in the trial court at the hearing on Appellant's
motion to suppress. Nutt and Miller each testified that Green consented to a search of the outbuilding, the area
outside of the house, and the house itself. However, Green testified that she did not consent to the officers'
searching her house. Tina King also testified that she heard Green's conversation with Nutt and Miller and that
Green did not consent to a search of the house.
2. As noted by the State of Texas (the "State") in its brief, Appellant's brief seems to raise additional
arguments as to the illegality of Miller's search. However, to the extent that such arguments were not raised in
Appellant's motion to suppress or at the hearing thereon, we will not consider them as grounds for reversal. See
Tex. R. App. P. 33.1.
3. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984).