M. FLEISCHMAN V. THE STATE.

No. 6230. Decided May 4, 1921.

Rehearing denied June 8, 1921.

1.—Theft—Possession—Charge of Court—Lessee.

Where, upon trial of theft, the evidence showed that defendant had leased a certain barn and was in possession, entitled to the use of it and paying rent, the court should have submitted a requested charge that if the defendant at the time he took from said barn certain timber joists, etc., had at the time the care, control, and management of the same, a conviction could not be had. Distinguishing Lee v. State, 81 Texas Crim. Rep., 129.

2.—Same—Rehearing—Possession—Severing Timber from Realty.

. This court cannot agree with the contention that when defendant by an act unauthorized by his lease contract, severed the timber from the barn, that this act in itself revived the possession of the actual owner. The defendant being in possession of the barn under his lease contract, was by virtue of same in possession of the several parts of the barn, although his act, in committing the severance may have been unauthorized.

3.—Same—Facts Stated in Original Opinion—Facts on Appeal.

Where the facts stated in the original opinion, that the owner had protected himself, etc., were erroneous, yet such .statements does not change the legal announcement in the opinion, there is no error.

4.—Same—Practice on Appeal—Rehearing—Theft—Conversion.

Where the State's attorney in the motion for rehearing requested that in the event this court should adhere to its holding it announce positively whether the offense would be theft by conversion, or no offense at all, this court, under the circumstances and the press of business, cannot make such announcement at this time.

Appeal from the County Court of Smith. Tried below before the Honorable D. R. Pendleton.

Appeal from a conviction of theft; penalty, a fine of $10 and one day in the county jail.

The opinion states the case.

*Bulloch, Ramey & Storey,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, and *Brady P. Gentry,* County Attorney, for the State.

MORROW, PRESIDING JUDGE.—The appellant leased from Greenberg a forty-acre tract of land with improvements. The lease was in writing, and by its terms the appellant acquired the right to use and occupy the premises during the year 1920.

The State's theory and testimony is to the effect that the appellant disconnected from the barn on the premises "five joists timbers of the value of fifty cents each and three boxing planks of the value of fifty cents each" and that he appropriated them to his own use.

The appellant's theory and testimony is that he purchased from Greenberg an old barn which was also on the premises, and that the lumber, which is the subject of the controversy, is a part of the old barn. It was conceded by the prosecuting witness that the old barn had been sold to the appellant. Appellant was living upon the premises; and there were no reservations in favor of the prosecuting witness contained in the' lease. It was stipulated that appellant, at his own expense, should keep in good repair the buildings and barns upon the premises. The ownership was laid in Greenberg.

The appellant requested, and the court refused, an instruction to the effect that if the appellant, at the time of the commission of the alleged

offense, had the care, control and management of the barn from which the timbers were charged to have been taken, a conviction could not result. The State concedes that a reversal should result from the refusal of this instruction. The instruction embodies a correct legal proposition and should have been given, had it been called for by the fact. Frazier v. State, 18 Texas Crim. App., 434. In the case before us, the property was under the care, control and management of the appellant. This was not disputed. He had leased it for a year; he was in possession of it, entitled to the use of it, was paying rent for it, and had obligated himself to keep the buildings in repair. He was the owner within the meaning of the statute. Article 1335, prescribing the circumstances under which one may be convicted of theft by taking his own property, does not embrace the prosecution like the present one. As related to criminal prosecution, the facts appear to be novel. If a prosecution can be predicated upon them, it would seem to come under article 1348 of the Code, defining theft by bailee. (See Branch's Ann. Tex. Penal Code, Sec. 2522; Lee v. State, 81 Texas Crim. Rep., 129.)

The premises were leased or hired to the appellant. From the standpoint of the State, the pieces of timbers described in the indictment were a part of the barn, that is, a part of the realty and were detached by the appellant, thereby becoming personal property. Conceding this, the property was still under the care, control and management of the appellant. His possession was exclusive. If he made use of his possession to convert the property, as contended by the State, his offense, if any, would seem to come under the statute, which provides that:

"Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall, without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft." (Art. 1348, Penal Code).

We, in the case of Lee v. State, supra, cited authorities and discussed in some detail the term "bailee." As the term is applied to personal and not to real property, we are not certain that, under the facts in the present case, a criminal offense was committed, conceding the testimony of the State to be true. The owner had protected himself against any depredations by taking the written obligation of the appellant to make repairs, and this obligation was a protection against losses by reason of detaching the planks from the barn. Appellant was under contract to replace them.

We are clear, however, in the opinion that the appellant is not guilty of the offense charged in the indictment, which is ordinary theft, that is, he is not guilty under Article 1329 of the Code, in which theft is thus defined:

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some other person holding the same for him, without his consent, with intent

to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

From what we have said, it follows that the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

ON REHEARING.

June 8, 1921.

HAWKINS, JUDGE.—A motion for rehearing has been filed on behalf of the State by the Honorable Brady P. Gentry, County Attorney of Smith County. In connection with the motion he presents an able and ingenious argument urging that we were in error in holding that appellant was not guilty of theft under Article 1329, P. C. He insists that appellant lawfully obtained care, control and management of the barn, but that he did not obtain lawfully the actual care, control and management of the severed parts; that the legal care, control, management and possession of the property ceased by his wrongful act, and that after the severence, by reason of the wrongful act in accomplishing it, the legal care, control and management reverted to Greenberg.

We cannot agree with the contention urged, for it seems to us to confuse the ideas of legal ownership and possession. The ownership of the property never passed out of Greenberg; under the lease contract with appellant the possession of the property passed to him, but the legal title to the property, that is, the real ownership, remained in Greenberg; the title to the severed parts of the barn was in him as completely after the severence as before. But the gist of the contention in the motion is, that when appellant, by an act unauthorized by his lease contract, severed the timber from the barn, this act in itself revived the possession of Greenberg. We cannot accede to this proposition. That a party may sever from the realty and thereby reduce it to personalty, and become guilty of theft is not an open question in this State. Exparte Wilke, 34 Texas, 155; Harberger v. State, 4 Texas Crim. App., 26; Alvia v. State, 42 Texas Crim. Rep., 424, 60 S. W Rep., 551; Meerschat v. State, 57 S. W. Rep., 955; Farris v. State, 69 S. W. Rep., 140.

The novelty of the case is presented in the question of alleging and proving possession as required under our theft statute. Whether possession was rightful or even lawful does not always control. It has been held that where property is stolen from one who had himself acquired it by theft, ownership and possession may be alleged in the first thief. Looney v. State, 80 Texas Crim. Rep., 317, 189 S. W. Rep., 954. The question here, to our minds, is not the question of legal ownership, but the question of possession. When Greenberg put appellant in possession of the barn and other property on the leased

premises he parted with that character of possession which would permit an allegation of possession in him on a charge of theft of any of the property. If a third party had severed the timbers from the barn, and been prosecuted for theft, it would have been necessary to allege possession in the appellant. There is no question in our minds about the correctness of this proposition. The appellant, being in possession of the barn under his lease contract, was by virtue of the same lease contract in possession of the severed parts of the barn, although his act in committing the severence may have been unauthorized; and so we have a case in which it would be necessary to charge him with theft from his own possession, and, as we said in the original opinion, it is not that character of case coming within the rule as to theft of one's own property.

The motion for rehearing calls our attention to the fact that we were in error in our original opinion, wherein we stated:

"The owner had protected himself against any depredations by taking the written obligation of the appellant to make repairs—."

An examination of the lease contract as it appears in the record shows that we were in error in such statement, and that portion of our original opinion will be corrected; however, this inadvertent, erroneous statement does not change the legal announcements in the opinion.

We are very clear in our minds that the former opinion makes the proper disposition of this case in holding that the prosecution could not proceed against appellant under a charge of theft in the ordinary form. In the motion for rehearing the county attorney requests that in the event we shoul adhere to our former holding, we announce positively and pointedly whether the offense would be theft by conversion, or no offense at all. Having made, as we believe, the proper disposition of the case, any announcement along the line suggested would be *dicta*, and it has always been the policy of this court to avoid that wherever possible in reviewing a case. Upon investigation of the motion for rehearing the writer has become very much interested in the question presented. While the amount involved in this prosecution is small, yet a positive announcement of the law controlling would be one far-reaching in its character. We regret that no authorities have been cited for our help, and we do not feel, under the circumstances, that we should make a more decisive announcement as to our impressions as to the character of the offense, if any, than is contained in our original opinion. The close of our term is approaching, and many cases are pending where parties are confined in jails of the State. The press of business in an endeavor to dispose of those cases before adjournment has precluded us from making as thorough an investigation as we would desire to make into the legal proposition involved.

The motion for rehearing will be overruled.

*Overruled.*