## JAKE WALLES, JR., V. THE STATE.

No. 20345. Delivered April 5, 1939.

The opinion states the case.

*David E. O'Fiel,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged by indictment with the theft of a house of the value of $100.00, and was by the jury found guilty of the theft of property under the value of $50.00, and sentenced to thirty days in jail.

The State's proof shows that L. C. Hollman and wife purchased a tract of 2.4 acres out of an 18.4 acre tract of land from Mr. McCall many years ago. That there were some houses on both the small and the large tract, some of the houses being of very little value. Mrs. Hollman testified that on the day in question when this offense was laid, that she went down to this 2.4 acre tract of land, which was located some miles from

where she was living, and found the appellant and others tearing down a house on her land. That she prohibited their continuing to do so, though they did not desist. That the appellant told her that he had a bill of sale to this house; that he had bought it from Mr. Leroy McCall, although she says that he refused to show it to her upon the advice of his brother. The removal of this house took place in the daytime.

The appellant and two others testified that three days before the dismantling of this house they went to Leroy McCall and had a conversation with him relative to the purchase of a house on this tract of land. McCall seems to be rather vague as to whether he had any houses left thereon, but said that he would sell the appellant one, if it was located on his land, for $15.00. After some dickering appellant agreed to pay him $12.50 for such house on the 20th day of the month, on which date appellant appeared at McCall's office and paid the $12.50, and McCall executed a bill of sale, it being in part in the following language as descriptive of the house: "The remains of one small two-room dwelling house, which was built by LeRoy McCall in the year 1921 near the north line of Lot No. 5 of the Bradley Garner Survey in Orange County, Texas."

The appellant testified that he was nineteen years old; that he was married to Jewell Ousley in April, 1937; that he obtained a lease for a lot about 40x100 feet right near his father-in-law's home, and also near his father's home. That he wanted to build a home there on that lot. That he bought an old house from Mr. Leroy McCall; that he talked to McCall, who said he had one out there, and he finally paid $12.50 for the house and went out to where the house was located, together with his brother, and in the daytime they tore the house down, and he hauled part of the old lumber himself and got some of the neighbors to help him, and left part of the old lumber on his leased lot and part at his father-in-law's. Mr. L. C. Hollman passed the place twice on the day he was tearing the house down. That he would not have torn that house down and moved it if he had not thought that he had a right to do so. This is a sufficient statement of the facts to illustrate our ruling herein.

As to appellant's defense the court instructed the jury as follows: "You are further charged that if you should believe from the evidence that the house in question was the property of LeRoy McCall and the defendant purchased same in good faith, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

Appellant's attorney objected to such charge as too restric-

tive in that it limited appellant's right to an acquittal to the fact as to whether or not this house was owned by Leroy McCall, and that such charge should have gone further and instructed the jury, in substance, that if appellant believed in good faith that such house belonged to Leroy McCall at the time he paid him the $12.50 and received the bill of sale, and at the time he tore the house down, then to acquit the appellant.

The substance of this objection is not charged in the excerpt above given nor in any other portion of said charge. It should have been embodied therein, and a failure to do so should result in a reversal of this case.

We also find ourselves at a loss to understand how any person can be guilty of the theft of a "house" as is charged in this indictment. Theft is the fraudulent taking of corporeal *personal* property. A house is a part of the realty and not personal property. However we have heretofore held that the moment a portion of such house be severed therefrom, such severed portion becomes personal property. See Branch's Penal Code, p. 1315, Sec. 2429; Alvia v. State, 42 Texas Crim. Rep. 424, and cases cited. The Supreme Court held in Ex parte Willke, 34 Tex. 155, that the doors of a house, although they were a part of the realty, when taken from a house they instantly become personalty and were the subject of theft.

It occurs to us that if the appellant is guilty of theft in this case, in any event he could not steal a house, because a house is realty when attached to the soil as was this one. He could only be guilty of stealing the lumber which he took from the house, lumber being personal property.

For a failure to give a proper charge on appellant's defense as above outlined, the judgment is reversed and the cause remanded.