

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 7, 1952

Hon. Garland Smith
Casualty Insurance Commissioner
Board of Insurance Commissioners
Austin 14, Texas

Opinion No. V-1497

Re: Legality of desig-
nating as title
insurance agents
persons, firms, or
corporations operat-
ing abstract plants
under lease arrange-
ments.

Dear Mr. Smith:

Your request for an opinion asks whether the Board
of Insurance Commissioners should refuse to approve certain
contracts between title insurance companies and their
"representatives" because the contracts submitted to the
Board indicate that the agent is a "lessee" rather than an
"owner" of all or a part of abstract plant facilities used
or to be used by him in conducting an abstracter's business.
The question arises under Article 9.22 of the Insurance Code,
which provides as follows:

"Art. 9.22. Rebates and Discounts

"No commissions, rebates, discounts, or
other device shall be paid, allowed or per-
mitted by any company, domestic or foreign,
doing the business provided for in this chap-
ter, relating to title policies or underwriting
contracts; provided this shall not prevent any
title company from appointing as its representa-
tive in any county any person, firm or corpora-
tion owning and operating an abstract plant in
such county and making such arrangements for
division of premiums as may be approved by the
Board." (Emphasis added.)

The question involved in your request is whether
a person who leases from another the physical facilities
which make up an abstract plant, and with such facilities

conducts an abstract business on his own responsibility, is a "person . . . owning and operating an abstract plant," within the meaning of Article 9.22 of the Insurance Code. In other words, is a person who leases all or a part of such facilities necessarily excluded from the terms of the statute even though he operates the plant and conducts an abstract business therein?

The word "owner" does not have a fixed meaning as a legal term and its significance must be determined from the context and purposes of the statute in which it is used. Realty Trust Co. v. Craddock, 138 Tex. 88, 112 S.W.2d 440, 443 (1938). The term is used in Article 9.22 of the Insurance Code to describe a class of persons to whom a title insurance company may pay commissions, and is in the nature of an exception to the general prohibition against paying commissions or rebates in procuring title insurance business. The policy of the law thus indicated is that commissions may be paid only for the services of an abstracter in marketing title insurance. We cannot conceive of any reason why a lessee in control of abstract plant facilities and actually engaged in the business is not in a position to serve the title insurance company and the public as properly and adequately as a person having a different type of interest or estate in the facilities.

The term "owner" is often construed to include one holding property under lease. Fleishman v. State, 89 Tex. Crim. 259, 231 S.W. 397 (1921); Fort Worth & D.S.P. Ry. Co. v. Judd, 4 S.W.2d 1032, 1035 (Tex. Civ. App. 1928, error dism.). It is entirely consistent with the purposes of this statute to give the term "owner" such a construction.

We therefore advise that a lessee is not necessarily excluded from the phrase "person . . . owning and operating an abstract plant" as used in Article 9.22, and that the Board should not disapprove such contracts merely because the "representative" may be a lessee as to all or part of the plant facilities.

## SUMMARY

A person "owning and operating an abstract plant," authorized by Article 9.22 of the Insurance Code to receive commissions from title insurance companies, may include a person operating such a plant under a lease.

APPROVED:

Mary K. Wall
Reviewing Assistant

Charles S. Mathews
First Assistant

NMc/rt

Yours very truly,

PRICE DANIEL
Attorney General

By Ned McDaniel
Assistant