Charles David **ROBINSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 36981.

Court of Criminal Appeals of Texas.

June 3, 1964.

Rehearing Denied Oct. 14, 1964.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., Walt Bondies, John C. Vance and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Justice.

The conviction is for felony theft of an air conditioner; the punishment, 10 years.

The indictment alleged that the air conditioner belonged to H. C. Scammel and that the appellant fraudulently took it from his possession.

The evidence shows that H. C. Scammel owned an apartment house in which he had installed air conditioner window units of the value of over $100 each. Two of the air conditioners were installed in the upstairs furnished apartment which the appellant rented from Mr. Scammel's agent and secretary on or about July 28, 1963. According to the state's evidence, Mr. Scammel had a maintenance crew to make repairs, if necessary, to the air conditioners.

The state's evidence shows that the appellant, claiming to own the air conditioners, agreed to sell one of them for $50 and on August 17, 1963, he and his prospective customer removed one and hauled it away.

They were apprehended after they had replaced the three prong plug with a two prong plug but before they reached the place where the air conditioner was to be installed and, "if it worked", the $50 was to be paid.

The contention is advanced that the appellant acquired lawful possession of the apartment and all its furnishings, hence he could not be guilty of theft of the air conditioner. He cites and relies upon Fleischman v. State, 89 Tex.Cr.R. 259, 231 S.W. 397.

The fact that the appellant's custody or possession was limited to the apartment and that Mr. Scammel had a regular crew that took care of the air conditioners and made necessary repairs is deemed sufficient to distinguish this case from Fleischman v. State. There the defendant was in exclusive possession of a tract of land and the barn thereon from which the timbers he was charged with stealing were claimed to have been taken.

Moreover, under the evidence the jury was warranted in finding that the appellant had the fraudulent intent to appropriate the property to his own use and benefit and to deprive the owner of its value at the time he rented the apartment.

Art. 1413 P.C. provides, in part:

"* * * if the taking, though originally lawful, was obtained * * * with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

There is no evidence to show that the appellant formed the intent to appropriate the air conditioner after he began to occupy the apartment.

The evidence shows that the appellant, who testified that he had been previously convicted of theft and other felonies, used a name other than his own when he rented the apartment. Three weeks later he was claiming to have owned the air conditioners for two years; offered one of them for sale, and removed it for that purpose.

■ Appellant's remaining ground for reversal is the contention that Mr. Scammel's secretary and manager, and not Mr. Scammel, had possession of the apartment and the air conditioner.

H. C. Scammel, age 82, was the real owner. He testified that the air conditioner was taken from his possession, without his consent. Mrs. Lawrence was an employee of the owner. She did not have such possession of the apartment as to require that the possession of the air conditioner be alleged in her rather than her employer.

■ The mere custody of property by an employee or servant of the owner does not operate to take the property out of the possession of such owner. 5 Branch's Ann. P.C.2d 83, Sec. 2635.

The judgment is affirmed.