**Carl Kelly GIACONA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38756.

Court of Criminal Appeals of Texas.

Dec. 8, 1965.

Rehearing Denied Jan. 26, 1966.

Jack P. Kelso, Leo N. Duran, Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., W. De-Witt Alsup, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the possession of marihuana with two prior convictions al-leged for enhancement. The court in ac-cordance with Art. 63, Vernon's Ann.P.C., sentenced the appellant to life imprison-ment.

After officers Broughton and Jackson of the Corpus Christi Police Department had kept the appellant under surveillance for several hours they were joined by custom agents Milley and Galanos. About 1:30 A.M., these officers observed the appellant and his car in a service station. While of-ficers Broughton and Milley were observ-ing the appellant from their location near the service station, the appellant drove from the station at a high rate of speed, and they started in pursuit of him. The appellant was travelling at 70 miles per hour in a 45 mile zone at the time he was stopped by Broughton and Milley and then Jackson and Galanos parked at the rear of appellant's car. When the appellant had stopped, officers Broughton and Mil-ley identified themselves as officers, and asked the appellant, who was alone in the car, to get out and he did. At the time of-ficer Milley told the appellant that they would like to search his car and he shrugged his shoulders and said, "Go ahead." Upon a search of the car, the of-ficers found two packages between the grill and the radiator; and each package con-tained approximately one pound of a plant substance which was marihuana.

A chemist for the Texas Department of Public Safety testified that he made an analysis of the contents of the two pack-ages and that the plant substance contain-ed in them was marihuana.

Proof was offered of the two prior con-victions as alleged and of appellant's iden-tity as being the same person so convict-ed. This proof was made in accordance with that approved by this court in Brous-sard v. State, Tex.Cr.App., 363 S.W.2d 143. Robins v. State, Tex.Cr.App., 387 S.W.2d 62.

The appellant did not testify or offer any evidence in his behalf.

It is insisted that the search of appellant's automobile was illegal, and that the trial court erred in admitting the testimony showing the search and the results thereof.

Officer Broughton testified as follows concerning the search of appellant's automobile:

"A  I stopped the vehicle, I approached the driver's side of the car, identified myself and Officer Milley also identified himself as a Federal officer, I asked the Defendant to get out of his car which he did.  I asked him if he knew the speed limit and I asked him for his driver's license.  Officer Milley asked, told him that we would like to search his car and he shrugged his shoulders and said, 'Go ahead.'

"Q  All right, sir, and is that when you made the search of the vehicle?

"A  Yes, sir, it is.

    *    *    *    *    *    *

"A  The man was placed under arrest and was told that we would like to search his car.  He said, 'Go ahead,' he give us his permission to search his car."

 Having consented to the search of his automobile, the appellant waived the necessity of a search warrant or a showing of probable cause for the search and is in no position to complain of the search. Merwin v. State, 172 Tex.Cr.R. 244, 355 S.W.2d 721.  Cert. denied, 371 U.S. 913, 83 S.Ct. 259, 9 L.Ed.2d 172.

It is contended that the trial court erred in refusing his motion for a separate trial on the primary offense on the ground that the proof of the prior convictions alleged for enhancement was calculated to injure his rights before the jury.

This contention has been previously considered and rejected by this court.  Crocker v. State, Tex.Cr.App., 385 S.W.2d 392; Capuchino v. State, Tex.Cr.App., 389 S.W. 2d 296; Beasley v. State, Tex.Cr.App., 389

S.W.2d 299;  Matula v. State, Tex.Cr.App., 390 S.W.2d 263;  Conley v. State, Tex.Cr. App., 390 S.W.2d 276.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.