**Alonzo ENGLISH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42019.**

Court of Criminal Appeals of Texas.

April 16, 1969.

Rehearing Denied June 11, 1969.

E. Brice Cunningham, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for theft of property over the value of $50.00; the punishment, eight years.

Appellant contends that the evidence is insufficient to support the conviction.

The record reflects that Linda Short left her green 1965 Impala Chevrolet automobile at the Best Parking Lot in Dallas. Appellant was seen walking across the parking lot, and shortly afterwards the

automobile was found to be missing. Appellant was seen by an operator of a nearby parking lot "burning rubber" as he was leaving in a green 1965 Chevrolet. Approximately three hours later appellant was apprehended in Linda Short's automobile near Mt. Pleasant, Texas, more than one hundred miles from Dallas.

Appellant testified that he did not take the automobile from the lot; that he had been hitchhiking from California to Roanoke, Virginia and was hired in Dallas to drive the automobile to Texarkana. On cross-examination he testified that he had been convicted in United States District Court for violating the Dyer Act and for possessing stolen mail and in a state court in Ohio for "auto tampering".

■ The evidence is sufficient to show that appellant took the automobile from the parking lot, and the record contains no explanation of his possession of the property at the time he was apprehended.

■ Unexplained possession of recently stolen property is sufficient to support a conviction for theft of such property. Stubblefield v. State, Tex.Cr.App., 372 S.W.2d 539; Wall v. State, 161 Tex.Cr.R. 634, 322 S.W.2d 641; 5 Branch's Ann. P.C.2d 96, Sec. 2650.

Appellant contends that there was a fatal variance between the allegation that Linda Short owned and had possession of the stolen automobile and the proof that the automobile was possessed by Virgie Hoard, the parking lot attendant.

Linda Short testified that it was her automobile, and it was taken from her possession without her consent.

■ The mere custody of property in an employee or servant of the owner does not operate to take the property out of the possession of the owner. Robinson v. State, Tex.Cr.App., 382 S.W.2d 271; 5 Branch's Ann.P.C.2d 83, Sec. 2635. In Roberts v. State, Tex.Cr.App., 400 S.W.2d 903, it was held that no variance existed where the indictment alleged that an automobile was taken from the owner, and the proof showed that it was taken from a service station where the owner had left it for servicing.

■ There was no variance between the allegations of ownership and possession in Linda Short and proof that the automobile was taken from the parking lot.

The judgment is affirmed.