Billy Jack **BENNETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42270.

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

Rehearing Denied Feb. 4, 1970.

Second Rehearing Denied March 11, 1970.

McCown, Sheehan & Dubuque, by Louis T. Dubuque, Dumas, for appellant.

Jerry R. Tucker, Dist. Atty., Dumas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 8 years.

The indictment alleged that appellant and Joe Bob Bennett (his brother), did on or about September 19, 1966, in Moore County, Texas, burglarize a cafe owned and operated by Mrs. Anitta Boswell. A motion for severance was granted and the two defendants were tried separately. Convictions at a prior joint trial were reversed by this court in Bennett v. State, Tex.Cr.App., 422 S.W.2d 438.

The evidence shows that the cafe was burglarized between the hours of 6:00 P. M. September 19th and 8:00 A.M. September 20th. Entry was gained by breaking a window at the south end of the building, and traces of blood and glass were found inside the premises. A juke box and cigarette machine were broken into and coins

were taken therefrom. Several coins which had been marked with fingernail polish were found scattered on the floor, together with a partial package of Camel cigarettes stamped with a South Dakota tax sticker, and a cigarette lighter bearing the initials "JBB." Investigating officers also uncovered a fresh set of footprints at the southwest corner of the building. Plaster casts of these prints were introduced in evidence.

Appellant and Joe Bob Bennett were arrested in a vehicle belonging to appellant on September 21, 1966, in the City of Amarillo. They were searched and officers recovered $7.55 in coins from Joe Bob Bennett, some of which had been marked with fingernail polish the same color as that found on the coins at the scene of the crime. Later that afternoon appellant's car was searched by a detective of the Amarillo Police Department. As a result of the search the officer recovered several packages of Camel cigarettes bearing South Dakota tax stickers, and two pairs of brown cotton gloves. One glove was covered with blood and was found to contain "a piece of fingernail." The evidence shows that appellant had injured the fingernail on the middle finger of his left hand shortly before he was arrested. Blood was also found on the driver's seat of appellant's automobile.

In his first ground of error appellant contends that the trial court erred in admitting into evidence the coins found on the person of his co-defendant, Joe Bob Bennett, for the reason that the state failed to prove a conspiracy between the two defendants.

Ground of error No. 2 complains that the court erred in failing to charge the jury on the law governing conspiracy.

Appellant and Joe Bob were together in the car when the coins were found on Joe Bob's person. This and the other evidence found elsewhere in the car was admissible to show appellant's participation as a principal in the burglary.

■ Under this record the admissibility of the coins found in the pockets of the co-defendant did not rest upon proof of a conspiracy, and the court did not err in admitting such evidence or in failing to charge the jury on the law governing conspiracy.

Appellant's third ground of error contends that the search of his automobile was unreasonable and the evidence obtained from the search was not admissible, as it was the result of an illegal search and seizure. The record reflects that appellant's car was stopped for a traffic violation. The Amarillo Police, at the time the two defendants were stopped, had received notice from the Moore County Sheriff's office of warrants for the arrest of the occupants, a description of the car, and a pick-up order on the same. All of this information was radioed to the patrolman as he was stopping the automobile. Immediately after appellant was brought into the police station he was given a complete statutory warning regarding his rights. The record reflects that he then gave his consent to have the Amarillo Police search his automobile.

■ Having consented to the search of his automobile, the appellant waived the necessity of a search warrant or a showing of probable cause, and is in no position to complain of the search. Giacona v. State, 397 S.W.2d 863 (Tex.Cr.App.1965); Merwin v. State, 172 Tex.Cr.R. 244, 355 S.W.2d 721, cert. denied, 371 U.S. 913, 83 S.Ct. 259, 9 L.Ed.2d 172. The fact that appellant was under arrest at the time he consented to the search did not render inadmissible the fruits of the search. Weeks v. State, 417 S.W.2d 716 (Tex.Cr.App.1967), cert. denied, 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494.

Sentence was pronounced September 17, 1968, and notice of appeal was given.

On September 27, 1968, a motion for new trial was filed alleging receipt of other testimony and jury misconduct.

While the court heard evidence offered by appellant, he made it clear that he did so at the request of counsel for the defense in order that there be a record to send to this court, whether it be considered evidence offered in support of the motion for new trial or in the form of a bill of exception.

The court's order disposing of the belated motion for new trial recites that the defendant had waived the time in which to file a motion for new trial, had been sentenced and had given notice of appeal which had not been withdrawn, and overruled the motion because it was not timely filed.

■ The defendant having waived the time to file motion for new trial, and sentence having been pronounced, the trial court was under no obligation to permit the motion for new trial to be filed. Bedell v. State, Tex.Cr.App., 443 S.W.2d 850.

We note further that neither the affidavit attached to the motion nor the testimony adduced reflects more than a casual reference to the fact that the defendant did not testify.

■ The motion was supported by affidavit of a juror to the effect that during the deliberations of the jury and prior to a final vote on guilt or innocence of the defendant, "the following statements were made in the presence of the jury: 'One of the jurors stated that this was a re-trial of a former conviction of this defendant.' 'One of the jurors made the statement that the defendant did not take the stand and testify in his own behalf.'"

The rule applicable is set forth in Graham v. State, 123 Tex.Cr.R. 121, 57 S.W.2d 850, and Smith v. State, 52 Tex.Cr.R. 344, 106 S.W. 1161:

"We think the true rule is that where, as in this case, the testimony supports the verdict, and the charge of the court properly submits the case to the jury, that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction, and that in no case should it be set aside in a case tried according to law where the conviction is supported by the testimony, unless the court may fairly and reasonably see in the light of all the circumstances that such reference and discussion did or might have prejudiced the appellant's case."

See also Garza v. State, Tex.Cr.App., 368 S.W.2d 213; Johnson v. State, Tex.Cr.App., 366 S.W.2d 560.

No reversible error appearing, the judgment is affirmed.

MORRISON, Judge (concurring).

Since the testimony as to the alleged jury misconduct was not properly before the court, I concur in the affirmance of this conviction, Vowell v. State, 156 Tex.Cr.R. 493, 244 S.W.2d 214.

OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

On rehearing appellant complains for the first time of the trial court's failure to give him credit on his sentence for the time spent in confinement. He relies upon North Carolina v. Pearce—Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, followed by this Court in Ex parte Ferrell, Tex.Cr.App., 445 S.W.2d 729. See also State of Missouri v. Carter, 443 S.W.2d 176 (Mo.).

At appellant's first trial, the jury assessed his punishment at eight years' confinement in the Texas Department of Corrections. Such conviction was set aside on appeal. Tex.Cr.App., 422 S.W.2d 438. Upon retrial following a verdict of guilty, the judge also assessed punishment at eight years' confinement but expressly refused to give the appellant credit for any time spent in confinement. Whether such reference

was to pre-sentence or post-sentence custody, or both, is not clear from the record.

Article 42.03, V.A.C.C.P. (former Article 768), provides as follows:

"If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant except when his presence is not required by Article 42.02 at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment; provided that in all criminal cases the judge of the court in which the defendant was convicted may within his discretion, give the defendant credit on his sentence for the time, or any part thereof, which said defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court; and provided further, that in all cases where the defendant has been tried for any violation of the laws of the State of Texas, and has been convicted and has appealed from said judgment and sentence of conviction, and where said cause has been affirmed by the Court of Criminal Appeals, and after receipt of the mandate by the clerk of the trial court, the judge is authorized to again call said defendant before him; and if pending appeal, the defendant has not made bond and has remained in jail pending the time of such appeal, said trial judge may then in his discretion re-sentence the defendant, and may subtract from the original sentence pronounced upon the defendant, the length of time the defendant has lain in jail pending such appeal, noting any credit allowed upon the mandate, which credit shall be allowed by the Texas Department of Corrections in all computations affecting the eligibility of the defendant for parole or discharge. Where jail time has been awarded, the trial judge may, when in his discretion the ends of justice would best be served, sentence the defendant to serve his sentence during his off-work hours, or on weekends. When such a sentence is permitted by the trial judge it must be served on consecutive days or consecutive weekends. The trial judge may require bail of the defendant to insure the faithful performance of the sentence. The trial judge may attach conditions regarding the employment, travel, and other conduct of the defendant during the performance of such a sentence." [1]

■ As is clear from a reading of the statute, the procedure authorized is purely discretionary with the trial judge.

North Carolina v. Pearce —Simpson v. Rice, supra, involved two defendants who secured retrials by the successful use of postconviction remedies some years after they had been confined in prison and had commenced to serve the sentences imposed upon them. In such case the Supreme Court made it clear that in event of a con-

---

1. In Attorney General's Opinion C–234 (March 31, 1964), the historical background of former Article 768 was fully discussed as well as the procedure to be followed thereunder. The procedure discussed is not materially affected by the revision in 1965 or by the 1967 amendment to Article 42.03 (768), supra. The opinion points out that the statute does not specifically provide for the dating back of a sentence and suggests that specific credit for pre-sentence custody should be written into the formal sentence, the date of the sentence remaining the date of its pronouncement. However, when an appeal is perfected and the cause affirmed, the opinion noted that the sentence does not begin to run until the date of the mandate of this Court (see now Article 42.09, V.A.C.C.P.), but such requirement does not void the credit given for pre-sentence custody at the time of the sentence's pronouncement.

The opinion further observed the authority of the trial judge after a receipt of a mandate affirming the conviction to re-sentence the defendant and subtract from the original sentence the time the defendant has lain in jail pending appeal. This procedure involves re-sentencing and is far more beneficial to the defendant than the procedure of giving credit.

viction, the defendant was entitled to full credit on the new sentence for the time spent in prison under the former conviction. Noting that the Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707, the Court in *Pearce* said:

"We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed."

And in footnote #13, the Court observed that "[s]uch credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc."

 In referring to the "punishment already exacted," the Court consistently refers to the time spent *in prison*. We find nothing in the opinion to indicate that the Court intended the holding to apply to time spent in the county jail pending trial where state law provides that punishment for the offense charged is to be by confinement in a penitentiary or prison or department of corrections. Where a defendant is unable to make bail such confinement in jail in such cases is not designed to exact punishment for the offense charged, but to insure the defendant's appearance at his trial.

While the Pearce decision may raise a multitude of questions in other settings, we do not think it does with regard to credit for presentence custody. We do not feel that the decision deprives the State trial judge of the discretionary authority granted him under the provisions of Article 42.-03, supra. We recognize that there is a trend toward the requirement of credit for pre-sentence custody (see Bail Reform Act, 18 U.S.C.A., Sec. 3568), but such requirement has not yet risen to the dignity of a federal constitutional rule applicable to state criminal proceedings.

 If appellant's complaint relates to credit for pre-sentence custody, it would not appear the trial court abused its discretion in refusing to grant such credit. Further, appellant was charged with a bailable offense and there is no showing that he did not make bail and was in such custody as to even invoke the discretionary authority of the trial judge under Article 42.03, supra.

 Whether an accused is constitutionally entitled to full "credit" on his sentence for the time he remains in custody pending an appeal presents a far more difficult question in light of North Carolina v. Pearce—Simpson v. Rice, supra. It is not one that we need here resolve, however.

In view of the reversal of appellant's first conviction, the provisions of Article 42.03, supra, as to subtracting time spent in jail pending appeal never came into play. Further, in view of the penalty assessed, the appellant was not prevented from making an appeal bond and there is no showing that he did not. If appellant was so confined, he makes no claim as to the length of time served.

Attention is called to an order dated June 10, 1969, and entered in civil action Cause No. CA 3–2802–C, styled Robinson v. Beto, in the United States District Court for the Northern District of Texas, Dallas Division, holding that the petitioner was constitutuonally entitled to "credit" for the time spent in jail pending his appeal to this Court. See Robinson v. State, Tex.Cr. App., 382 S.W.2d 271. Such order did not cite any decisional authorities but states the order for "credit" was necessary to prevent the petitioner from "being penalized for exercising his right of appeal."

The judgment entered is now on appeal to the United States Court of Appeals for the Fifth Circuit. See Cause No. 28186.

It is observed that such federal district court order used the word "credit" and made no mention of the state statutory provision of subtracting from the original sentence which in most cases is more beneficial to the defendant.

We do note that upon the issuance of the mandate in the instant case affirming the conviction, the trial judge will be authorized to re-sentence the appellant subtracting from his original sentence the time, if any, he has lain in jail pending this appeal. We see no reason why the trial judge may not also subtract the time, if any, spent in jail pending appellant's first appeal. In the event the trial judge exercises such discretion, the question presented by Robinson v. Beto, supra, will certainly be removed as far as this case is concerned.

Appellant asserts in his brief on rehearing that he "served time in the State Penitentiary" following his first conviction and while the appeal from such conviction, which was successful, was pending. The record before us does not support such assertion. There is no showing of how long appellant was *so* confined, if he was, or whether such confinement resulted solely from the conviction in question. We do find in the record on the first appeal that notice of appeal was not given on the date sentence was pronounced and that a commitment order was entered that same day. Written notice of appeal was subsequently given within ten days of the sentence. See Article 44.08, V.A.C.C.P. Whether appellant was already confined in the Texas Department of Corrections by the time notice of appeal was given and honored, or whether having no other convictions authorizing his confinement in prison the appellant was prematurely taken to prison, does not appear from the record. If he was, then a most interesting question concerning the proper application of North Carolina v. Pearce—Simpson v. Rice, supra, would be presented. We cannot conclude, however, the question is presented by the record before us at this time.

Appellant's motion for rehearing is overruled.