Joe Bob BENNETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 42647.

Court of Criminal Appeals of Texas.

March 4, 1970.

Rehearing Denied April 22, 1970.

George S. McCarthy, Amarillo, for appellant.

Jerry R. Tucker, Dist. Atty., Dumas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, assessed by the court after a verdict of guilty, eight years' confinement in the Texas Department of Corrections.

The indictment alleged that the appellant and Billy Jack Bennett did on or about

September 19, 1966, in Moore County burglarize a house occupied and controlled by Annitta Boswell (later shown by the evidence to be a cafe). Convictions under this indictment at a joint trial were reversed by this court in Billy Jack Bennett and Joe Bob Bennett v. State, 422 S.W.2d 438. Following the reversal a motion for severance was granted and the defendants were tried separately. The separate conviction of Billy Jack Bennett has been affirmed by this court. Bennett v. State, 450 S.W.2d 652 (No. 42,270).

■ In his first ground of error this appellant, Joe Bob Bennett, challenges the sufficiency of the evidence to sustain his conviction. The evidence is essentially the same as that set out in the opinion of the court in Bennett v. State, 450 S.W.2d 652 (No. 42,270). It has been well summarized in the State's brief as follows:

"The evidence shows that on the evening of September 19, 1966, after six o'clock p. m. and before eight o'clock a. m. on September 20, 1966, a cafe operated by Annitta Boswell was burglarized. A juke box and cigarette machine were broken into and various coins taken therefrom. When the burglary of such cafe was discovered, it was also discovered that the service station located approximately one hundred feet from such cafe had also been burglarized. An examination of the premises was made by the officers investigating such case and the following evidence discovered pointing to the identity of the persons who burglarized such premises:

"1. A window was broken and entry obviously obtained in such manner and blood was found on some of the glass coming from such window and other glass found in the premises.

"2. The juke box and cigarette machine located in such building had been broken into and coins taken from same.

"3. Some coins marked with fingernail polish were found on the floor.

"4. A partial package of Camel cigarettes with a South Dakota State sticker number 2300 thereon was also found.

"5. A cigarette lighter was found on the floor bearing the initials 'JBB'.

"6. Footprints were found at the back of the building and casts of such footprints were made and such casts were introduced in evidence as State's Exhibit No. 7 & 8.

"Mrs. Annitta Boswell, the injured party, testified that the damage to the window, juke box and cigarette machine occurred while the cafe was closed during the night of September 19–20 and that the coins were not on the floor and that the Camel cigarette, cigarette lighter and blood were not on the premises when she closed the cafe on September 19.

"About 12:40 p. m. on the 21st of September, 1966, the Appellant Joe Bob Bennett, along with Billy Jack Bennett, was arrested in Amarillo in a vehicle belonging to Billy Jack Bennett. There were no other occupants of the vehicle. At the time of the arrest of the Defendants, they were each searched and shortly thereafter, Billy Jack Bennett's car was searched and as a result of the search of the Defendants and their vehicle, the following evidence was obtained which pointed to the guilt of the Defendants in connection with the burglary charged.

"1. Camel cigarette with a South Dakota sticker number 2300 were found in the pocket of each of the Defendants.

"2. Several packages of Camel cigarettes were found in the back seat of the vehicle with such cigarettes bearing South Dakota sticker number 2300.

"3. The Defendant, Joe Bob Bennett, had on his person $7.55 in

coins, part of which was marked with fingernail polish.

"4. Billy Jack Bennett's hand was cut which appeared to be a recent injury and recently scabbed over.

"5. Bloody gloves were found in the front seat of the car.

"6. The shoes that Billy Jack Bennett was wearing were taken from his person and offered in evidence.

"7. There was a substance on the front seat of the car which gave the appearance of blood.

"After the arrest of the Defendant, certain evidence was forwarded to the Department of Public Safety for examination and as a result of such examination, the following facts were determined and admitted in evidence.

"1. The coins found in the possession of Joe Bob Bennett and coins found in the cafe after the burglary were compared and fingernail polish on one of each coin was similar in color.

"2. The blood found on the glove located in the vehicle at the time of the arrest of the Defendants and blood found on the burglarized premises was compared and each was found to be Type 'O' blood.

"3. The plaster cast taken near the premises of the burglarized property and the shoes of the Appellant, Billy Jack Bennett, were each offered in evidence and the jury was given an opportunity to compare such cast and the shoes to determine whether they were in fact the same.

"4. After the Defendant, Joe Bob Bennett, was released from jail on bond, he identified the cigarette lighter found on the premises after the burglary as his."

The jury was charged on the law of circumstantial evidence and viewed in the light most favorable to the jury's verdict, we deem it sufficient to support the same. Ground of error #1 is overruled.

■ Next, appellant complains of the introduction of certain items recovered from a search of the automobile owned by appellant's brother, Billy Jack Bennett, and in which he and the appellant were riding at the time of their arrest. It was shown that Billy Jack Bennett consented to the search of the automobile, and for the reasons set out in Bennett v. State, 450 S.W.2d 652 (No. 42,270), the items discovered therein were also admissible against this appellant.

Ground of error #2 is overruled.

■ Appellant's third ground of error is "[t]hat the Trial Court erred in permitting evidence to be introduced against this Defendant that was obtained while the Defendant was in jail through interrogation of the Defendant without warning of his constitutional rights and the absence of his counsel."

This ground of error is not briefed and appellant does not call our attention to the interrogation, if any, to which he has reference. We are thus in no position to identify the point of objection and to review the same.

Article 40.09, Sec. 9, V.A.C.C.P., provides in part as follows:

"This brief shall set forth separately each ground of error of which defendant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court."

The judgment is affirmed.