Lemuel Marion **CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46093.

Court of Criminal Appeals of Texas.

April 18, 1973.

Wayne Bagley, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

Amarillo Police Officer Larry Barlow testified that while on routine patrol at approximately 3:30 a.m. on the night in question he discovered the White Barn Lounge had been burglarized and entry effected through a broken window at the rear of the building. The window had been intact an hour earlier when he had passed the lounge. Barlow and another officer, summoned in aid, entered the premises and observed that the pool table, the juke box and the cigarette machines had been pried open and the money removed. Barlow also observed bloodstains near the machines and leading into the premises from the broken window. He further noticed that all the packages of cigarettes in the burglarized cigarette machine were in order, except the Marlboro 100's which appeared to have been disturbed and one package turned on its side. Additionally, the officers found a glove lying near the juke box.

Approximately a half hour later, as he was leaving the scene of the burglary, Officer Barlow saw a man, whose pockets were bulging and whose coat was spotted, walking down the street about a half block from the lounge.

In the absence of the jury on the issue of probable cause, Barlow further testified that as he approached the man he recognized him as someone who "was or had been handled through our department for burglary" and noticed the man had bulging pockets, tears in several places on his pants, a spot on his coat, and fresh cuts on his head and hand. At the officer's request the man entered the patrol unit. As they talked, appellant took out an unopened pack of Marlboro 100's and proceeded to open them. At this point the court held that probable cause for appellant's arrest and the search of his person had been shown. Barlow, then, testified that later, at the police station, he found $25 in nickels, dimes and quarters on the appellant's person.

Appellant contends his warrantless arrest and subsequent search of his person were unlawful.

The circumstances presented in the case at bar are most nearly like those in Baity v. State, Tex.Cr.App., 455 S.W.2d 305. In that case the police officer's suspicions were aroused when he observed the defendant at 5:00 a.m. in an alley near a store. As the officer approached the defendant he recognized him as a man he knew had "'a record of many arrests' for theft and burglary", and saw a crowbar protruding from defendant's coat and noticed he possessed some other objects under his coat.

In Baity, supra, we concluded, as we do here:

"In the case at bar the experienced officer observed in the downtown business area a series of acts in the early morning hours, . . . which when taken together with the officer's previous knowledge of the appellant warranted further investigation. In fact, it would have been poor police work for the officer to have failed to investigate appellant's behavior further. Surely it cannot be argued that a police officer should re-

frain from making any investigation of suspicious circumstances until such time as he has probable cause for arrest.

"We are of the opinion that it was reasonable under the circumstances presented for Officer Mathis to stop and briefly interrogate the appellant. . . . What the officer saw in plain view during such process, the [crow] bar and coin box, was clearly admissible and not obtained as a result of any search. . . .

"Still further, attention is called to Article 14.03, Vernon's Ann.C.C.P., 1967, which provides:

'Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws.'

"An arrest made under the provisions of such article would authorize a search incident thereto which would be valid. . . ."

Further, in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court, discussing the investigative function of a police officer, stated:

"One general interest is of course that of effective crime prevention and detection; it is this interest which underlies the recognition that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest."

Appellant also challenges the sufficiency of the evidence. Lilly Cunningham, proprietor of the lounge, testified she owned the White Barn, and that she did not give appellant permission to take any property from the lounge. Wilma Parish, an employee, testified that she locked up the lounge at closing time on the night in question and that the vending machines and the window in the bathroom of the lounge were intact at that time. Officer Jim Brewer testified that while searching the residence of appellant's sister [1] where appellant had been known to live from time to time, he found the mate to the glove found by the investigating officers in the lounge as well as a wet towel which appeared to have bloodstains on it. It was also shown that appellant's sister was out of town at the time of the offense and that no one was living there. The court charged on circumstantial evidence. We find the evidence sufficient to support the conviction. Bennett v. State, Tex.Cr.App., 452 S.W.2d 477. Cf. Williams v. State, Tex.Cr.App., 493 S.W.2d 863.

Finding no reversible error, the judgment is affirmed.

---

1. The legality of this search is not questioned on appeal.